UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLAYTON SHIREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case No. | 1:21-cv-02612 |
| | ) | |
| FAURECIA CLEAN MOBILITY | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Faurecia Emissions Control Technologies USA LLC ("Faurecia" or "Defendant"), incorrectly identified as Faurecia Clean Mobility, by counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and in accordance with the Federal Rules of Civil Procedure and Indiana Rules of Trial Procedure, hereby files this Notice of Removal.  In support of removal, Faurecia states:

### I.     BACKGROUND

1.     On July 27, 2021, Plaintiff, Clayton Shireman ("Plaintiff") filed a Complaint in Bartholomew County Court entitled *Clayton Shireman v. Faurecia Clean Mobility,* Cause No. 03D02-2107-CT-003923 (the "State Court Action").  The State Court Action is currently pending in the Bartholomew County Court.

2.     On October 4, 2021, Plaintiff served the Summons and Complaint on Defendant. A true and accurate copy of the Complaint and Summons is attached hereto as **Exhibit A**.  A true and accurate copy of all process, pleadings, and orders filed in connection with the State Court Case are attached as **Exhibit B**.

1

3.      Removal of the State Court Action is within thirty (30) days after service of the Summons and Complaint and therefore timely pursuant to 28 U.S.C. § 1446(b).

4.      The events in the State Court Action are alleged to have occurred in Bartholomew County, Indiana.  Pursuant to 28 U.S.C. § 1441(a), the Southern District of Indiana, Indianapolis Division, is the appropriate forum for removal of the State Court Action.

5.      Plaintiff's Complaint is a civil action arising under the law of the United States in that the Complaint alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 29 U.S.C. § 12101 *et seq*.  This Court has original jurisdiction over ADAAA claims under the provisions of 28 U.S.C. § 1331, and Defendant may remove this matter pursuant to 28 U.S.C. § 1441.

6.      Plaintiff resides in and is a citizen of the State of Indiana.  (**Exhibit A**, *see* paragraph one of Complaint).

7.      Faurecia operates a facility in Columbus, Indiana. Faurecia is a Limited Liability Company owned wholly (100%) by Faurecia USA Holdings, Inc.  Faurecia USA Holdings, Inc. is incorporated under the laws of Delaware, and has a principal place of business in Michigan.  For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *See Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

8.      Accordingly, the parties are citizens of different states, thus establishing the basis for diversity jurisdiction under 28 U.S.C. § 1332.

9.      To determine the amount in controversy in a removed action, the Court will evaluate the "amount required to satisfy the plaintiff's demands in full" and the record as a whole as it exists on the date of removal.  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006).  Where, as here, the plaintiff's Complaint does not demand a specific sum, a

defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

10.      Plaintiff's Complaint supports a good-faith, plausible estimate that the amount in controversy exceeds $75,000.  The Plaintiff seeks the following damages in his Complaint: 1) lost wages and benefits; 2) front pay; 3) compensatory damages; and 4) punitive damages for an unspecified period of time.  (**Exhibit A**, *see* Prayer for Relief in Complaint).

11.      Plaintiff's employment was separated on or about October 7, 2019.  At the end of his employment, Plaintiff earned $20.60 per hour at an average of 40 hours per week. Because Plaintiff's employment with Faurecia ended on October 7, 2019 (about 104 weeks prior to the filing of this Notice), he has allegedly accrued more than about $85,696 in potential back pay as of the date of removal alone. These back pay amounts would only increase during the pendency of the case.

12.       Plaintiff's prayer  for  relief also seeks damages  for  compensatory  and  punitive damages.  Punitive damages are recoverable in retaliatory discharge cases.  *See Hiatt v. Rockwell Intern. Corp.*, 26 F.3d 761, 765 (7th Cir. 1994).  And, "punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law." *Casey-Beich v. United Parcel Serv., Inc., 295 F. App'x 92, 94* (7th Cir. 2008).

13.      Given Plaintiff's potential back pay through trial, plus alleged compensatory and punitive damages, Defendant has established, plausibly, that the amount in controversy is well in excess of $75,000. Since the amount in controversy exceeds $75,000, it suffices to confer original diversity jurisdiction on this Court under 28 U.S.C. § 1332.

14.     Pursuant to 28 U.S.C. § 1146(d), written notice of this removal of the State Court Case has been given to counsel for Plaintiff and a State Court Notice of Removal has been simultaneously filed with the Bartholomew County Superior Court.

WHEREFORE, consistent with this Notice, Faurecia removes the above-described action now pending in Bartholomew County Court, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Respectfully submitted,

/s/ Brian L. McDermott
Brian L. McDermott
Megan A. Van Pelt
JACKSON LEWIS P.C.
211 N. Pennsylvania Street, Suite 1700
Indianapolis, IN 46204
Tel:     (317) 489-6930
Fax:     (317) 561-4606
brian.mcdermott@jacksonlewis.com
megan.vanpelt@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 11, 2021, I filed the foregoing *Notice of Removal* electronically with the Clerk of the Court.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Aaron J. Williamson
WILLIAMSON CIVIL LAW, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, IN, 46240
*aaron.williamson@wcivillaw.com*

/s/ *Brian L. McDermott*
Brian L. McDermott

4832-2724-9918, v. 1

5