# EXHIBIT A

| STATE OF INDIANA | ) | IN THE BARTHOLOMEW COUNTY COURT |
|---|---|---|
| | )SS: | |
| COUNTY OF BARTHOLOMEW | ) | CAUSE NO.: 03D02-2107-CT-003923 |

CLAYTON SHIREMAN )
)
    Plaintiff, )
)
v. )
)
FAURECIA CLEAN MOBILITY )
)
    Defendant. )

## COMPLAINT FOR DAMAGES

### I. INTRODUCTION

Plaintiff, Clayton Shireman (hereinafter "Shireman") brings this action against Defendant, Faurecia Clean Mobility ("Faurecia") for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

### I. PARTIES

1. During the period relevant to this Complaint, Shireman resided in Bartholomew County, Indiana.

2. During the period relevant to this Complaint, Faurecia conducted business in Columbus, Bartholomew County, Indiana by employing Shireman at its Columbus, Indiana facility.

## II. CONDITIONS PRECEDENT

3. On August 7, 2020, Shireman timely filed a charge of Disability discrimination and Retaliation with the Equal Employment Opportunity Commission (hereinafter "EEOC").

4. On April 29, 2021, the EEOC issued Shireman a Notice of Right to Sue letter. This Complaint has been filed within 90 days of receipt of that notice. Shireman has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

## III. FACTUAL ALLEGATIONS

5. On or about February 26, 2018, Faurecia hired Shireman.

6. Throughout his employment with Faurecia, Shireman did good work and met all of Faurecia's reasonable expectations.

7. Shireman was able to perform all of the essential functions of his job with or without a reasonable accommodation.

8. On or about April 6, 2019, Shireman was injured in an non-work-related auto accident.

9. Shireman suffered mobility issues as a result of that accident.

10. Shireman was rendered disabled as that term is defined in the ADA.

11. Shireman sought and was granted Short-Term Disability leave.

12. Shireman was later released to return to work with the assistance of mobility devices.

13. Shireman requested that his supervisor allow him to return to work.

14. Faurecia failed to return Shireman to work.

15. Shireman sought an accommodation to be able to return to work.

16. Faurecia failed to provide Shireman a work accommodation to return him to work.

17. Shireman inquired about vacant positions.

18. Faurecia failed to evaluate potential vacant positions for Shireman to fill as a work accommodation.

19. Shireman remained in communication with Faurecia up to and including November 7, 2019 about being returned to work and his accommodation request.

## IV.   COUNT ONE
## DISABILITY DISCRIMINATION

20. Shireman incorporates herein by reference paragraphs 1 through 19 above.

21. Shireman is a qualified individual with a disability and/or was perceived by the Faurecia to have a disability and/or has a record of disability.

22. Faurecia subjected Shireman to disparate treatment because of his disability and/or because him perceived his to have a disability and/or because Shireman has a record of disability.

23. The Faurecia treated similarly situated, non-disabled employees better than Shireman with respect to transferring said employees to other positions.

24. The Faurecia terminated Shireman because of his disability and/or because him perceived his to have a disability and/or because Shireman has a record of disability.

25. Defendant's actions violated the ADA.

26. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## V.   COUNT TWO
### FAILURE TO ACCOMMODATE

27. Shireman repeats and realleges paragraphs 1 through 26 hereof, as if fully set forth herein.

28. Shireman could perform the essential functions of his position with or without reasonable accommodations making him a qualified individual with a disability within the meaning of the ADA.

29. Shireman notified Faurecia about his disability and requested a reasonable accommodation.

30. The interactive process broke down because of Faurecia.

31. Faurecia failed to provide Shireman a reasonable accommodation.

32. Faurecia failed to reassign Shireman to a vacant position.

33. Shireman suffered damages as a result of Faurecia's unlawful discriminatory actions, including emotional distress, past and future lost wages, and lost benefits as well as the costs of brining this action.

34. Faurecia intentionally violated Shireman's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## VI.   COUNT THREE
## RETALIATION

35. Shireman repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

36. Shireman was qualified for his position when Faurecia discriminated against him, failed to accommodate him, and retaliated against him.

37. Shireman engaged in protected activity by complaining to his supervisor, manager, and Human Resources about Faurecia's discriminatory treatment of him based on his mobility and requests for reasonable accommodations.

38. Faurecia's alleged reason for denying his accommodation requests are pretextual and baseless. Faurecia denied these request because Shireman complained of disability discrimination, including Faurecia's failure to accommodate him.

39. Shireman suffered damages as a result of Faurecia's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

40. Faurecia intentionally violated Shireman's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## VII.   *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff, Clayton Shireman, respectfully requests judgment as follows:

1. Accept jurisdiction over this matter;

2. Find that the Faurecia violated the ADA;

3. Order the Faurecia to reinstate Shireman or pay front-pay damages in lieu of reinstatement;

4. Order the Faurecia to pay to Shireman lost wages and benefits;

5. Order the Faurecia to pay to Shireman compensatory damages;

6. Order the Faurecia to pay Shireman punitive damages;

7. Order the Faurecia to pay Shireman pre- and post-judgment interest;

8. Order the Faurecia to pay Shireman attorney's fees and costs; and

9. Grant Shireman such additional or alternative relief as the Court deems just and proper.

## *JURY DEMAND*

Shireman demands a trial by jury on all claims properly triable by a jury.

        Respectfully submitted

        WILLIAMSON CIVIL LAW, LLC

        /s/ Aaron Williamson
        Aaron J. Williamson

                                        Attorney No. 32803-49
                                        8888 Keystone Crossing
                                        Suite 1300
                                        Indianapolis, IN 46240
                                        (317) 434-0370
                                        Facsimile: 765.204.7161
                                        aaron.williamson@wcivillaw.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE BARTHOLOMEW COUNTY COURT |
| | )SS: | |
| COUNTY OF BARTHOLOMEW | ) | CAUSE NO.: 03D02-2107-CT-003923 |

CLAYTON SHIREMAN            )
                            )
    Plaintiff,           )
                            )
v.                          )
                            )
FAURECIA CLEAN MOBILITY     )
                            )
    Defendant.          )

## SUMMONS

TO DEFENDANT:    Faurecia Clean Mobility
    950 W 450 S
    Columbus, IN 47201

    You are hereby notified that you have been sued by the persons named as Plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

    An Answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by the Plaintiffs.

    If you have claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written Answer.

Dated  7/28/2021

_____
CLERK, Bartholomew County Superior Court 2

The following manner of service of Summons is hereby designated:
  __X__ Registered or Certified Mail
  _____ Service on individual at above address: County
  _____ Service on Agent: (specify)
  _____ Service by Publication

Aaron J. Williamson
WILLIAMSON CIVIL LAW, LLC
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
Telephone: 317.434.0370
Facsimile: 765.204.7161
aaron.williamson@wcivillaw.com